On behalf of the Appellant, Mr. Paul Rogers. On behalf of the Appellee, Ms. Victoria Joseph. Good morning, Counsel. Mr. Rogers. Would anyone have an objection to leaving those doors open? It just seems so dark and unfortunately to glare straight for me is with sunglasses. I apologize. It seems darker in here to me. It does usually too, but it was worse when I came up. Good morning. May it please the Court, Counsel. As your Honors know, this case involves four felony murder convictions arising from the deaths of two separate individuals. We're challenging three of those four felony murder convictions, plus one of the underlying felons. And I want to start with the latter, which is really the first argument in the brief, and that's challenging counts 11 and 12 and count 16. Count 16 is the aggravated discharge of a firearm against Cristiano Ramirez. Counts 11 and 12 are the felony murders that arise from that. The reason why this Court should reverse those convictions is that the trial court should have instructed at the defendant's request, should have instructed the jury on the misdemeanor charge of reckless conduct as a lesser included of the aggravated discharge against Cristiano Ramirez. Did the defendant ever tender a jury instruction on reckless conduct relating to Cristiano? I mean, are you contending that the master copy of the jury instruction combined with the verdict form was sufficient to preserve this issue for appeal? Counsel, or is there some other argument that you have? Yes. No, I am contending that. And the State has not made any forfeiture argument. If you look at the record as a whole, counsel's intent was made clear that he wanted reckless conduct instructions on all of the felonies that arose from the, or all the charges. There was a colloquy at the trial court level, but did the defense, to answer her question, did the defense ever specifically tender an IPI instruction on the reckless conduct? Not with respect to Cristiano Ramirez. But doesn't the law require that in order to preserve this issue? I think the law requires that the issue be raised in front of the trial court. And I think the trial court's ruling was that it wasn't, it was clear that the trial court wasn't going to give that instruction except with respect to Jesus Medrano. He offered the verdict forms. He said there's no point in making these other, I mean, looking at it from a practical standpoint, as I read the record, I'm making a master copy of the definitional instructions and the issues instructions. I've got the verdict forms for everybody, but I'm not going to make copies of the definitional and the issues instructions for everybody. Was there a verdict form for Cristiano? Yes, I believe there was. But the names have to be in each of the verdict instructions, do they not? Right, but the request was made. I don't know that in order, if I ask a trial court, Your Honor, I would like to submit or have submitted, I would like you to instruct the jury on reckless conduct as lesser included of offense X. And the judge says I'm not going to do that. I don't know that it matters that you don't actually tender pieces of paper to the judge because you've already had the ruling. And you have any case law that supports your position that you just have to orally articulate the fact that you want to do it? What if you change your mind and you forget to tell the judge? But there's no evidence that they did change their mind. But do you have any case law that stands for the proposition that where the court announces it's not going to give an instruction, it obviates the necessity of the defense tendering it? Do you have any cases right under that? I don't have any case that specifically addresses that. But I would say that I'm going off my experience and my memory is that what it takes to preserve an issue is that the issue be presented in such a way that the trial court can rule on it. That there aren't any necessarily, there aren't always certain necessary conditions beyond that. That it's really a practical test of whether the trial court understood that this was being requested and ruled on it. And it was, I believe, brought up in the post-trial motion as well. What's our standard of review here with respect to this issue? The standard review, I believe, is, and this came up in the briefs, is de novo in terms of whether the instruction should have been given. Really? De novo? Well, it's in the sense that whether the trial court, whether there was enough evidence to give the instruction, I think is something that this court can determine. But I really, to be honest, I don't know that it matters in this case. Because I think even under an abuse of discretion standard, to not give the instruction under these facts was an abuse of discretion. But now, the defendant testified that he shot the gun at the floor because he wanted Cristiano to drop the beer bottle. Correct. Right? Yes. Well, how would this qualify as even slight evidence of recklessness in the face of the fact that the defendant testified that the shot was deliberate? The shot is deliberate. The recklessness comes in the risk of endangering Cristiano. And even in the Fournier case, which I cited, that was a case that involved shooting directly at somebody. And this court said that that can be reckless conduct. Which case? Fournier. Okay. I'm sorry, I don't have a cite with me now, but it's cited in the brief. That's okay. That was a case in which I believe there were multiple shots fired. I think it was a boyfriend-girlfriend situation. And the real issue was about the consistency of the verdicts. But in the course of deciding that, this court said that shooting in the direction of somebody can be reckless. Even though you obviously intentionally fired the gun, you pulled the trigger on purpose. But you are recklessly disregarding the safety of the other person. Now, in that case, I think it was an aggravated discharge of a firearm. But aggravated discharge of a firearm and reckless conduct are pretty similar in the sense that they both require the disregard of the safety of another individual. So you're not arguing, are you, that the reckless conduct is automatically a lesser included of aggravated discharge? I don't know that anything is. The test for whether something is a lesser included or whether an instruction should be given is, I'm sure this court is familiar with, the charging instrument test. When the State's conceded, there's two parts to that. One, if you look at the charging instrument, does it contain the essential elements of the lesser included? And in this case, the State has conceded that it does. Then the question is, well, there's sort of two questions here. The second part of the charging instrument test is whether a rational jury could have found the defendant guilty of the lesser charge without finding guilty of the greater charge. But you have to take that in combination with the very slight evidence standard for whether an instruction should be given. And I think this is an important point. We're not challenging the sufficiency of the evidence here. We're not arguing that there had to be a directed verdict and that it could only be for reckless conduct. We're not arguing that a rational jury could not have found my client guilty of the greater offense of the aggravated discharge. But it's a very slight evidence standard. And I think when you put those two things together, whether a rational jury could is different from whether a rational jury would likely find the lesser. And so I think when you look at it from that standpoint, you really have to give the defendant the benefit of the doubt. It's very slight evidence. And the defendant's testimony meets that standard. The court already referred to that. He says he basically encountered Cristiano blocking his path. Cristiano's holding a beer bottle. I think it's pretty obvious the implication is Cristiano was standing up. The defendant says he shoots into the floor because he felt threatened for some reason by Cristiano. And he didn't, you know, that's what he did, shot into the floor. Knowingly, not recklessly, knowingly shot into the floor. He knowingly shot into the floor, but the recklessness is his disregard for the result, which is endangering the safety of Cristiano. He didn't hit Cristiano. In fact, Cristiano didn't even know he'd been shot at or that he'd been shot into the floor. Later on, they found the bullet hole. But he said he deliberately fired the gun because he wanted Cristiano to drop the beer bottle. But recklessness includes acts that are done deliberately when you disregard the result. Well, that gets back to my fundamental threshold question. According to you, any time you knowingly discharge the weapon, there's an element of recklessness in it. Is that what the case law says? I'm not sure that that. I'm not sure that I agree that any time you fire a gun on purpose, there's an element of recklessness to it. I suppose that, for example, if you look at if you look at the Watkins case, that was a case where a guy fired into the air. And that was held that that could support a conviction or an instruction for reckless discharge of a firearm, endangering the safety of others. Now, there might be cases in which it doesn't even rise to recklessness. But any time you fire a gun on purpose, the question then becomes, where do you fall on the spectrum of mental states as opposed to when you're talking about the result? If I fire a gun in my basement with nobody around, it's hard to practice. I'm not even reckless. I'm not even negligent. If I fire a gun in the air to celebrate New Year's Eve or whatever, or the July, and there's a lot of people around, well, I'm probably reckless. If I walk up to you and put the gun against your chest, that's pretty hard to say that I'm reckless because there I'm practically certain of what the result is going to be. And that's knowledge. Well, the line here is, was he practically certain that the bullet was going to travel in Christiano's direction? Or was he simply reckless in that it might do so and thereby endanger Christiano Ramirez? You're saying it depends on where the gun is pointed? That's part of it. Isn't it important, the circumstances surrounding, as you pointed out, if no one's in the area, if you're in your basement and you're there by yourself, I mean, your client was in a bar with apparently a lot of people. And so can't we, based upon that, distinguish the cases that you have cited in your brief? People versus Smith, people versus Upton, people versus Roberts. Aren't those cases distinguishable based upon the circumstances and, as you pointed out, the men's rail? Well, you know, every case obviously is going to be different in some way. And the circumstances do come into play. But again, the fact that it's a crowded bar may, I think, would be a relevant factor in assessing the state of mind of whether it's reckless or knowing. The point is, is there very slight evidence where a rational jury could find him guilty of reckless conduct as opposed to aggravated discharge? Now, as defense attorneys, when we argue sufficiency of evidence cases, issues, we often get the response, well, you know, that's for the jury to decide. Well, this is kind of the reverse of that. This is for the jury to decide. The jury very well may have said, no, this isn't reckless. This was, when you fire him before in a crowded bar, you're practically certain that you're going to endanger somebody. But we don't know that the jury would do that. And it is important, I think, to keep in mind that the jury did acquit Mr. Ramirez of several charges and also found that he was reckless in some of his conduct, specifically in the shooting of Mr. Mendez and also in the shooting of Jesus Madrona Sr. He got a reckless conduct conviction on that. And again, I mean, this was a pretty chaotic scene and, you know, you can separate out his different acts at different times, but that's it. If you look at the moment, if you look at where things stood when the shot was fired into the floor by Cristiano Ramirez, where there's evidence that it was fired into the floor by Cristiano Ramirez, does the defendant have the right to have the jury decide whether that's reckless or does the judge get to say, I'm not even going to let the jury decide that? I'm going to decide that it wasn't reckless. I think that's really a trial court taking power away from the jury, taking a jury question out of the hands of a jury. That's something for the jury to decide. And, you know, the case law with a very slight evidence standard, I think, shows that the benefit of the doubt goes to the defendant. Let the jury decide. Can we look at your next argument? Yes. Before your time runs out. Yes. You were talking about the aggravated battery to Alvaro. Yes. And that's really just a question of statutory interpretation. And the language of the statute couldn't be clearer. It's in the present tense. You commit a felony murder if, while you are performing the act of cause of death, it says if you, in the singular, if the person is attempting or committing a forcible felony. How do you address the people versus Lowry, the Supreme Court case, when they talk about the proximate cause approach? Well, the approximate cause approach is used in felony murder. But first of all, the. In this case, if you call it proximate cause, you have the cause coming before the effect. If you accept, you know, if you disagree with my argument, you'd have to have the cause coming before the effect, because the cause is the shooting of Mr. Alvaro, and the effect was the killing of Mr. Mora. And if you look at the cases like Lowry and the other cases that the state cites in support of the proximate cause idea, those are all cases, frankly, that are fully consistent with our position. Because those are all cases in which the unlawful killing applied or occurred during the commission of the underlying felony. Now, you know, the present tense, I think, can be expanded to include things that are simultaneously or simultaneously in a practical sense, even if not in a literal sense. It can obviously apply when the predicate felony hasn't been completed yet. That's why I cited the escape cases and so forth. Well, how about people versus Hickey, where it's as a part of the same criminal episode? I mean, in this particular case, your client comes into a bar with a gun, and it seems like it was, and I think somebody distracted him. It may have been the defense in the briefs is like mayhem, where mayhem broke out. I mean, wouldn't that be the part of the same criminal episode? How do you separate it? I think if you look at the language of the charging instrument, you have to keep your eye on the ball. The charge specifically was that he committed, my client committed felony murder with respect to Mr. Mora because when he, at the time, was performing the acts that caused Mr. Mora's death, my client was committing the offense of aggregated battery with a firearm against Mr. Ibara. Well, my position is that he couldn't have been doing that because Ibara hadn't been shot yet. And there's no evidence that it was his intent that he planned, that he had any intent to shoot Mr. Ibara specifically or that he was going to shoot everybody in the bar when he assumes he walked in. And it's also important to keep in mind, I think, that one of the state's theories at trial, if not their main theory, was that this was felony murder based on burglary because as soon as he's entered the bar, he did so with having been thrown out before. He did so unauthorized. And he also did so with the intent to commit a felony inside. And the jury acquitted him of that. So it's kind of murky as to really what his intent was. There's no reason, though, to believe, there's no evidence that he had any intent to shoot Mr. Ibara as soon as he walked into the bar, let alone when he shot Mr. Mora. Counsel, if we were to vacate the conviction on count 10, that is the first degree murder of Mora based on the aggravated battery, based on the one act, one crime principles, wouldn't that render moot your argument that the defendant couldn't have been found guilty on count X because of, or of count X because the killing preceded the predicate felony? I mean, we only have two victims. That's correct. Yet there were four convictions. So that's what I meant, one act, one crime principles. If one of these convictions, let's say count 10, were to be vacated, wouldn't that render moot this whole issue of did the predicate felony precede the killing or not? I don't think it would because it affects, well, you have to take it in conjunction with the other argument. The two arguments go together. And quite frankly, you know, to make a practical difference to Mr. Mora, to my client, if he's convicted of first degree murder with respect to two victims under any theory. It's a natural life on America. Exactly. So the way these arguments fit together is that based on the first argument, you get rid of one of the convictions with respect to Mr. Mora, and the second argument gets rid of the second one. And then you have no convictions against Mr. Mora, with respect to Mr. Mora, no murder convictions. And he could be retried on the one, based on the first argument. But, you know, it's conceivable that he would only wind up with one conviction for murder here. And so to say that it makes it moot, I think ignores the significance of the sentencing implications. So I know I'm out of time. Thank you. Ms. Joseph. Good morning, Your Honors. Victoria Joseph for the people of the state of Illinois. May it please the Court. Counsel. The people go to the defendant's first argument and wanted to quickly address the standard of review. I do apologize. I misunderstood Washington when I first read it. The standard of review here is abuse of discretion. Washington deals specifically with a self-defense rather than a lesser-included offense. It is based on Everett, which uses a de novo standard because it is a matter of law whether the defendant met the evidentiary minimum that entitles him to an affirmative defense instruction. Well, how is this any different? This is a lesser-included offense instruction, Your Honor. And the abuse of discretion standard is appropriate here because you're looking at a question of fact of whether the evidence is sufficient so the abuse of discretion is appropriate. And usually an abuse is found if there is that evidence in the record. But that is under Jones, which is 219, Illinois 2nd, 1. And what's the question of fact? The question of fact is the sufficiency of the evidence in the record to support the lesser-included offense being given. The people assert that the defendant in this case is not entitled to the reckless conduct instruction. Activated discharge of a firearm is knowingly or intentionally discharging a firearm in the direction of another person. And that is precisely what happened in the case of Cristiano Ramirez. The essential element here is the defendant's awareness that he is in the presence of the person and is firing in their direction. Here, just before the defendant fired the firearm, he had held the gun 7 to 8 inches from the victim's chest. So he would still remain in close proximity, probably a foot or less away. But he fired into the floor. He directed the gun into the floor. He fired into the floor, but if you combine that with Antonio's testimony that the shot was at their feet, he fired at the floor in the direction of the victim at his feet. So the people would argue that is still in the direction, that is the last known location of where the victim was firing in his direction. Even if it was at the floor, my foot is touching the floor, Your Honor. That is still, as far as Antonio's testimony was, he shot at the floor at their feet. What about his fundamental argument? Assuming that the evidence can be used in a light and favorable to your position, he's saying, well, wait a minute. If the standard is whether a rational jury could have found the defendant guilty of the lesser included, why, in a case of doubt, shouldn't that go to the jury? Why should the judge decide, looking at the evidence, basically isn't the judge sort of usurping the function of the jury? The judge is looking for even a slight amount of evidence that there could be the instruction given, and the people assert that under these circumstances, there was not that slight evidence entitling him to the instruction. Because he knowingly pointed the gun in the direction of Cristiano and fired that bullet within a foot or less from him. What about his argument, assuming, why could the same act be both with knowledge and reckless at the same time? Is that passable under the law? All of the cases that he's using Fournier, which is 283, Illinois Appellate 3rd, 171, the language he's specifically looking at is at pinpoint site 179. That discharging a firearm in the direction of another person with no intent to kill or wound can constitute reckless conduct. Looking at the cases on which that is based, you have somebody waving a gun around and firing in a general direction of people. Firing a shot over the shoulder, which the defendant may or may not have looked back to see if there was somebody behind him. Gesturing a gun toward a victim and the gun goes off. All of these cases show some other circumstances such as struggling or flailing in which the gun has gone off in a reckless manner or in the direction of someone recklessly. Well, how about people versus Upton? How do you distinguish Upton where the shot was towards the tow truck driver? Just trying to get him to stop, apparently trying to get him to stop towing his car. Would it be any differently than shooting towards Cristiano in order to get him to drop the beer bottle? Well, I think in the circumstances here, you're at almost a point blank range from the person you're shooting. One of my first lessons when I was 11, when I bought my first gun, was my dad taking me out to Braidwood to fire at a plastic milk gallon filled with water. He stood me about five feet away and said, OK, shoot at it. Now you know what happens when you shoot a gun at something you don't intend to shoot. So always take that into consideration. Here you are standing. My victim is standing right here. I'm shooting at the floor. That's very different than shooting off in a car. I'm not necessarily saying I always agree with the determination of whether it has been reckless or aggravated discharge in some of the other cases. But I think the circumstances here are very significant to the fact that this was not a reckless action. Now, do you agree with counsel that this issue was preserved by the defense attorney saying I'd like to present this instruction? And just by tendering the master instruction and the verdict form, is that sufficient to, was that sufficient to preserve this issue? What the people looked at was the actual discussion held by the judge and counsel over requesting this instruction. And because it had been considered specifically by the judge below, the people did not raise the forfeiture issue. And your position is the same now? You think it was adequately preserved? Since I have not looked up any case law into whether I have to hand over a sheet of paper tendering the instruction. So you don't know? I don't know. Okay. But what about this argument, though? It has some intuitive appeal. This is not a case where the defendant didn't raise the issue or argue the issue and then wants to raise it later in a post-trial appeal. Mr. Rodgers is saying it was discussed, the defense asked for it, the judge says I'm not going to give it. You argued it, you obtained a ruling. Wouldn't it be a futile gesture to then hand something to the judge when he's already said I'm not going to give it in this case? Other than to preserve it on the record, it's not going to change the judge's ruling. But there was nothing on the record. There was nothing on the record. Counsel said I want to preserve this issue. Well, even without that, just making a note for the record that I'm, you know, I continue my objection, Your Honor, after the judge ruled in order to preserve it for appeal, even preserving it orally in that manner. Was that done? I don't believe so. Defendant brought up that it was in the post-trial motion. I don't specifically. Yes. It was specifically maintained in the motion for new trial. So he did not, while he may not have directly preserved it at that time in court, he did preserve it in the post-trial motion. Thank you. What is your position that if we vacated the conviction in count 10, Mr. Rogers says that would not take care of the potential problem because there would be sentencing implications. So by doing that, wouldn't eliminate the possibility the defendant would automatically receive a life sentence? If you vacated count 10 and no other counts, then he still has the two murder convictions, the one of Mora by Mendes, I believe, and of Mora and I'm not remembering names. I'm sorry. The other Mendes. I'm sorry. Mendes and Mora, you would still have both on the aggravated discharge to Christiana. He would still be subject. So can you have four murder convictions with two murders? No, Your Honor. As to the felony murder, the people assert that the length, although the case, there hasn't been a specific case addressing this specific issue. And the people believe they relied on the cases that most closely addressed the similar present tense language in the part of the felony murder statute, such as Richardson and Hickey, that were considering the death penalty, which is in the course of committing a felony, also present tense language, which is similar to attempting or is committing. And. Well, it can't be interpreted as literally in a sense, or the Supreme Court didn't in Hickey and the other cases, because if you talk about criminal episode or course of conduct, it's a little broader than the present tense, is it not? It is, Your Honor. I'm. Unless you're agreeing with Mr. Rogers argument. Here, though. There was the people assert that there was the intent when he entered the bar to commit felonies. He came in. With. Having left this fight he had before, came back with a gun and set off in motion as as Your Honor pointed out, mayhem in the bar started shooting at various people. He had this. He had the intent to harm the patrons of the bar. And. Morris death occurred as part of this. So basically you are saying, as they said, Hickey, that this he went into the bar with this intent, started the chain of events. So everything that happened was part of the quote unquote arguable same criminal episode. Is that what you're saying? That is correct. Your foreseeable consequences. Yes. The foreseeable consequence of shooting throughout a bar is you're going to hit somebody and kill them. And as far as the jury question issue, because there is case law specifically stating that. A felony murder can be committed simultaneously that you can be attempting without having completed the commission of it. The trial judge is answer. No. Was appropriate because he was not correctly instructing the jury. The trial court decided not to use the people's further explanation as that likely would have leaned the jury toward people's favor. The defendant did not offer a suggested instruction to elaborate upon. No. And the jury did not ask for further clarification. Any other questions? No. Thank you. Thank you. Mr. Rogers. First, just with respect to the first argument and the question of forfeiture. Page 18 of my opening brief, I cite the very bottom of that page. During the jury instructions conference, there was a discussion about the aggravated discharge of a firearm against Cristiano. Defense counsel said he wanted the jury to be given the option of considering reckless conduct as a lesser included offense of that charge. So that's that's a request. And it wasn't talking about whether to give the involuntary manslaughter instruction. No, I don't think so. I think it was respect to that. He wanted reckless conduct as a lesser included of the charge of aggravated discharge against Mr. Ramirez, which was count 16. I think. And so because of that, without getting that reckless conduct instruction on that charge, it affects the felony murder charges. Because obviously, if you got a misdemeanor conviction, you can't get a conviction for felony murder based on that count. Didn't the judge at that point tell him tender all of the instructions? I think that I don't remember whether the judge said that, but I think the response was, well, I'm giving you the master copy of the instructions. I got the verdict forms. The bottom line is he made the request and the judge didn't give it. So is it the judge's responsibility to write up the instructions? It's not the judge's responsibility to write up the instructions, but it's the judge that's the traffic cop as to which instructions are going to be given. And I think the judge's ruling was pretty clear here that he wasn't going to give the reckless conduct instruction with respect to that count. So did he tender that instruction in order to be denied? He. He expressed his intent to tender it or to have the court give it on its own. I don't know that I don't know that a party is ever actually obligated to provide written. I mean, that's the custom. But I think if you make a request, Your Honor, I would like the jury to be instructed. And it's up to the judge to say, well, type one up. And the judge then is supposed to get off the bench, go get the IPI book and read it to the jury and fill in the blanks himself or herself? No, not on the spot like that. But this was during the jury instructions conference. This is during the formal part of the jury instruction conference you're referring to, not the pre-jury instruction conference. Wasn't there a discussion earlier about jury instructions also? There were, I think, a couple of different times when they did discuss it. But I don't want to belabor that too much because then we can all look at the record and make the decision. I do want to talk about the point that Justice Hudson brought up about can you have different mental states at the same time for offense. I think the answer to that question is yes, because you have, in most offenses, you have different elements. And I already gave the example. There's the element of performing the act, shooting. Then there's the element of the result, endangering. And the Wilson case, I cited Fournier and I believe Fournier relied on the Wilson case. And that's a case where, as I recall, there was a fleeing suspect who turned and shot over his shoulder. He shot clearly on purpose, but he was entitled to a reckless conduct. And actually, that was an effective assistance of counsel case. So it's even weaker in this case that trial counsel in that case should have asked for a reckless conduct instruction. Because even though the shot was fired on purpose, you can make an argument to the jury, yeah, but he was only reckless as to the result. And that's the position we're taking here. As to the second issue, I just want to say a few things about the death penalty cases. It is important to keep in mind that the language of the death penalty statute we're talking about, whether somebody is eligible for death penalty, is broader. It's in the course of another felony. It's not the present tense. And in fact, specifically in the Johnson case, Johnson says in the course of another felony should not be equated with following. And in the Thomas case, as Justice Hudson pointed out, in the course of another felony is a broader timeframe than the present tense while committing or during the commission of. I think there is no case that fits this template. And the state has not cited any case in which there isn't the felony and the killing either occurring simultaneously or the felony occurring first and maybe being ongoing while the killing occurred. There is no case that fits the template of felony, then the killing, spaced by an interval of, it's not clear here, but it certainly was not immediate. It was probably at least several seconds because Mr. O'Barr had come from the pool table area after Mr. Moore was shot. And in that circumstance, I don't think you can have a felony murder conviction. So for those reasons and the reasons stated in the brief, I ask the court to grant the relief that's been requested. Thank you. Thank you. Thank you, counsel. The court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case.